UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
STRIKE 3 HOLDINGS, LLC,

                        Plaintiff,

-against-

JOHN DOE subscriber assigned IP address 69.112.126.126,

                        Defendant.
-----------------------------------------------------------X

**MEMORANDUM AND ORDER**
22 CV 6120 (AMD) (CLP)

**POLLAK**, United States Magistrate Judge:

    Plaintiff Strike 3 Holdings, LLC commenced this copyright infringement action against a John Doe defendant, presently only known by their Internet Protocol ("IP") address. Plaintiff seeks leave to serve a third-party subpoena prior to holding a Rule 26(f) conference. Specifically, plaintiff seeks permission to serve a Rule 45 subpoena on Optimum Online, the non-party Internet Service Provider ("ISP"), which is alleged to have assigned the IP address to the defendant in this case, so that plaintiff may ascertain defendant's identity.

    For the reasons set forth below, the motion to serve a limited discovery request to Optimum Online prior to a Rule 26(f) conference is granted, subject to the conditions set forth in this Memorandum and Order.

## DISCUSSION

A. <u>Standard for Discovery Prior to Rule 26(f) Conference</u>

    Under Federal Rule of Civil Procedure 26(d)(1), a party is generally precluded from seeking discovery from any source prior to a Rule 26(f) conference. The Federal Rules provide, however, that a party may engage in discovery before the Rule 26(f) conference, if authorized by a court order. Fed. R. Civ. P. 26(d)(1). When considering whether to grant a motion for

1

expedited discovery prior to a Rule 26(f) conference, courts generally apply a "'flexible standard of reasonableness and good cause.'"  Digital Sin, Inc. v. John Does 1-176, 279 F.R.D. 239, 241 (S.D.N.Y. 2012) (quoting Ayyash v. Bank Al-Madina, 233 F.R.D. 325, 326–27 (S.D.N.Y. 2005));  accord Strike 3 Holdings, LLC v. Doe, No. 20 CV 4501, 2021 WL 535218, at *1 (E.D.N.Y. Feb. 12, 2021); Strike 3 Holdings, LLC v. Doe, No. 20 CV 1529, 2020 WL 2115211, at *1 (S.D.N.Y. May 4, 2020); Strike 3 Holdings, LLC v. Doe, No. 19 CV 5818, 2019 WL 5459693, at *1 (S.D.N.Y. Oct. 9, 2019).

Courts in this Circuit have applied the Second Circuit's factors identified in Arista Records, LLC v. Doe 3, 604 F.3d 110 (2d Cir. 2010) when determining whether to allow a party to issue a subpoena under Federal Rule of Civil Procedure 45 prior to holding a Rule 26(f) conference; these factors include:  (1) the plaintiff's ability to make out a *prima facie* showing of infringement, (2) the specificity of the discovery request, (3) the lack of alternative means to obtain the information absent the subpoena, (4) the plaintiff's need for the information sought, and (5) the defendant's expectation of privacy.  See Arista Records, LLC v. Doe 3, 604 F.3d 110, 119 (2d Cir. 2010) (quoting Sony Music Ent. Inc. v. Does 1-40, 326 F. Supp. 2d 556, 564-65 (S.D.N.Y. 2004)); see also Strike 3 Holdings, LLC v. Doe, 2021 WL 535218, at *2, 4 (explaining that "[t]he Second Circuit has not yet decided whether the Arista [Records] factors apply to Rule 26(d)(1)" but finding that "a Rule 26(d)(1) motion should be analyzed in light of the reasonableness and good cause standard incorporating the Arista [Records] factors and mindful of the protection afforded by the Cable Privacy Act") (collecting cases); UN4 Prods., Inc. v. Doe-173.68.177.95, No. 17 CV 3278, 2017 WL 2589328, at *1 (E.D.N.Y. June 14, 2017) (same); but see Strike 3 Holdings, LLC v. Doe, 331 F.R.D. 14, 17 (E.D.N.Y. 2019) (noting that,

2

while the Arista Records factors are "relevant" and "a useful part of the analysis," they are not "controlling" in this context).[1]

B. Analysis

    1. Request to Serve a Subpoena Directed to Optimum Online

The Court considers each of the Arista Records factors in turn. First, "to make out a prima facie case of copyright infringement, a party must show (1) ownership of a valid copyright in the item and (2) unauthorized copying." International Swaps & Derivatives Ass'n, Inc. v. Socratek, LLC., 712 F. Supp. 2d 96, 102 (S.D.N.Y. 2010) (citing Tufenkian Import/Export Ventures, Inc. v. Einstein Moomjy, Inc., 338 F.3d 127, 131 (2d Cir. 2003)).

Here, plaintiff alleges that it is the registered copyright owner of exclusive rights over the copyrighted works at issue, which are various adult motion pictures. (Compl.[2] ¶¶ 2, 48, 54). Plaintiff alleges that the Doe defendant employed a peer-to-peer file sharing system known as BitTorrent to "illegally download and distribute" copies of plaintiff's copyrighted motion pictures. (Id. ¶ 31). Specifically, plaintiff alleges that its copyright infringement detection system discovered defendant's use of the BitTorrent file sharing network to download and distribute plaintiff's movies over an extended period. (Id. ¶¶ 4, 20–49). Plaintiff attached the Copyright Office registration information for each work with a copyright that was allegedly

---

[1] In Strike 3 Holdings, LLC v. Doe, Magistrate Judge Orenstein—tasked with resolving a motion like those at issue here—observed that the factors articulated by the Second Circuit in Arista Records dealt with a motion to quash a properly issued subpoena under Federal Rules of Civil Procedure Rule 45, and not whether a subpoena could be issued under Rule 26. 331 F.R.D. 14, 17 (E.D.N.Y. 2019). According to Judge Orenstein, "[t]he two inquiries are qualitatively different[,]" and thus the Arista Factors "are relevant, [but] their utility is limited." Id. Nevertheless, Judge Orenstein recognized that, while perhaps not technically binding, the Arista Records factors are "routinely" used in evaluating pre-trial discovery requests and they properly "inform" a court's analysis. Id. Taking into consideration Judge Orenstein's position, this Court finds that the Arista Records factors are informative and helpful in determining whether good cause for early discovery exists in this case. Strike 3 Holdings, LLC v. Doe, No. 19 CV 5818, 2019 WL 5459693, at *2 (S.D.N.Y. Oct. 9, 2019) (acknowledging that the inquiries under Rules 26 and 45 "are different, but not wholly so: the same considerations are relevant in both situations").

[2] Citations to "Compl." refer to plaintiff's Complaint, filed October 12, 2022. (ECF No. 1).

infringed upon, including the registration number.  (Id. ¶¶ 43–45, Ex. A).  Moreover, plaintiff alleges that defendant's IP address was traced to a physical address within the Eastern District of New York.  (Id. ¶ 8).

Considering all these facts, the Court finds that plaintiff has set forth sufficiently detailed allegations as to the nature and extent of the infringing activities to make out a *prima facie* claim for copyright infringement.  See Malibu Media, LLC v. John Doe Subscriber Assigned IP Address 173.68.5.86, No. 16 CV 2462, 2016 WL 2894919, at *2 (S.D.N.Y. May 16, 2016) (holding that plaintiff stated a *prima facie* claim of copyright infringement where the complaint "plainly set[] out the copyrighted works at issue and provide[d] comprehensive allegations regarding the manner by which the Defendant copied the various works, including the date and time of the infringement and the [Internet Protocol] address and technology used to effect the copying"); see also K Beech, Inc. v. Does 1-29, No. 11 CV 3331, 2011 WL 4401933, at *2 (E.D.N.Y. Sept. 19, 2011) (holding that plaintiff did not make a concrete showing of a *prima facie* claim of copyright infringement where registration for the work at issue was only pending).  Accordingly, the first Arista Record factor weighs in favor of granting plaintiff's motion.  Strike 3 Holdings, LLC v. Doe, 2021 WL 535218, at *4 (finding the first Arista Records factor met in a similar case); Strike 3 Holdings, LLC v. Doe, 2020 WL 2115211, at *1 (same); Strike 3 Holdings, LLC v. Doe, 2019 WL 5459693, at *3 (same).[3]

---

[3] The Court does not make any determination at this time as to whether plaintiff has stated a valid, plausible cause of action.  See Strike 3 Holdings, LLC v. Doe, 964 F.3d 1203, 1210 (D.C. Cir. 2020) (observing that "[a]t this stage, the court is not asked to pass judgment on the strength of the plaintiff's allegations against the defendant, but to determine whether the plaintiff should have the opportunity to name that defendant in the first place").  Instead, the Court places great weight on the fact that, "without granting [p]laintiff's request, the defendants cannot be identified or served and the litigation cannot proceed.  Additionally, expedited discovery is necessary to prevent the requested data from being lost forever as part of routine deletions by the ISPs."  Digital Sin, Inc. v. Does 1-176, 279 F.R.D. at 242.

Second, plaintiff's Rule 45 subpoena provides the IP address used by the defendant during the alleged period of infringing activity and seeks to obtain the true name and address of the subscriber associated with the IP address. (See Pl.'s Mem.[4] at 2, 7–8). The Court finds that the sought-after information is "highly specific in nature" and not more than necessary to identify and serve the defendant. See Malibu Media, LLC v. John Doe Subscriber Assigned IP Address 173.68.5.86, 2016 WL 2894919, at *3 (holding that a subpoena seeking the name, current and permanent address of the Doe defendant was "not asking for more information than necessary to identify and serve the [d]efendant"); Strike 3 Holdings, LLC v. Doe, No. 19 CV 5866, 2019 WL 4493342, at *2 (S.D.N.Y. Aug. 21, 2019) (noting that plaintiff "ha[d] limited its scope of discovery to the defendant's name and address, which previous courts in similar cases involving the same plaintiff have found 'is a limited and highly specific set of facts'") (quoting Strike 3 Holdings, LLC v. Doe, No. 18 CV 5586, 2018 WL 5818100, at *1 (S.D.N.Y. Oct. 15, 2018)).

The third factor also weighs in favor of granting plaintiff's motion. According to plaintiff, "[b]y virtue of the architecture of the internet" and the protections afforded subscriber data, "there is simply no alternative means for [p]laintiff to identify Doe other than a court-ordered subpoena." (Pl.'s Mem. at 8). Indeed, courts have found that due to the anonymous nature of the BitTorrent piracy, it is unlikely that a plaintiff would be able to determine the identity of a BitTorrent user without "cross-referencing the date and time of the alleged infringement with information on the ISP's subscriber logs." Malibu Media, LLC v. John Doe Subscriber Assigned IP Address 173.68.5.86, 2016 WL 2894919, at *3. The Court therefore agrees with plaintiff that there are no alternative means by which plaintiff can identify the Doe

---

[4] Citations to "Pl.'s Mem." refer to plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference, filed October 19, 2022. (ECF No. 6-1).

defendant absent the subpoena at issue. Strike 3 Holdings, LLC v. Doe, 2021 WL 535218, at *5 (finding the third Arista Records factor met in a similar case); Strike 3 Holdings, LLC v. Doe, 2020 WL 2115211, at *2 (noting that "[n]umerous courts in this district have found the third factor met in analogous cases involving the same [p]laintiff" and listing cases); Strike 3 Holdings, LLC v. Doe, 2019 WL 5459693, at *4 (finding the third Arista Records factor met in a similar case).

Fourth, without the ability to subpoena the internet service provider, plaintiff will be unable to serve the defendant, which would effectively terminate the action without an adjudication on the merits. The expedited discovery is also necessary because ISPs routinely delete user information. Digital Sin, Inc. v. John Does 1-176, 279 F.R.D. at 242.

Finally, although plaintiff's subpoena seeks private information, courts have found that "'ISP subscribers have a minimal expectation of privacy in the sharing of copyrighted material.'" Malibu Media, LLC v. John Doe Subscriber Assigned IP Address 173.68.5.86, 2016 WL 2894919, at *3 (quoting Malibu Media, LLC v. John Does 1-11, No. 12 CV 3810, 2013 WL 3732839, at *6 (S.D.N.Y. July 16, 2013)). Moreover, this Court has tailored its Order to protect defendant's privacy. Strike 3 Holdings, LLC v. Doe, 2021 WL 535218, at *5 (finding that the fifth Arista Records factor weighed in favor of plaintiff's motion in a similar case and issuing a protective order designed to prevent unnecessary embarrassment).

Having considered the Arista Records factors, which weigh in favor of permitting expedited discovery, the Court finds that plaintiff has shown good cause to permit limited third-party discovery in this case prior to a Rule 26(f) conference by serving a Rule 45 subpoena on Optimum Online to obtain the Doe defendant's identity.

2. <u>Authorizing Optimum Online to Disclose Subscriber Information</u>

An ISP that qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5), is limited in the information that it may share about its subscribers. <u>Strike 3 Holdings, LLC v. Doe</u>, No. 20 CV 8826, 2020 WL 6363961, at *1 (S.D.N.Y. Oct. 29, 2020). Specifically, subject to certain exceptions, "a cable operator shall not disclose personally identifiable information concerning any subscriber without the prior written or electronic consent of the subscriber concerned[.]" 47 U.S.C. § 551(c)(1). One exception is that a cable operator may disclose personally identifiable subscriber information where the disclosure is "made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed[.]" 47 U.S.C. § 551(c)(2)(B).

To comply with the requirements of 47 U.S.C. § 551(c)(2)(B), and to facilitate the expeditious resolution of this matter on the merits, the Court authorizes Optimum Online, the ISP identified in the Complaint (<u>see</u> Compl. ¶ 5), to release the true name and address of the subscriber associated with the IP address listed in the Complaint, subject to the restrictions set forth at the end of this Order. Optimum Online shall notify the affected subscriber of this Order by providing them with a copy of this Order and the relevant subpoena issued by the plaintiff. To protect the subscriber's right to privacy, Optimum Online shall reveal only the subscriber's true name and address, and the plaintiff may only use the information disclosed in response to the subpoena to effectuate service in the present action and not for any other purpose or in further litigation against defendant or other parties, absent a further order from this Court.

CONCLUSION

For the reasons set forth above, plaintiff's request to serve a Rule 45 subpoena prior to holding a Rule 26(f) conference is granted.

**IT IS THEREFORE ORDERED** that plaintiff Strike 3 Holdings, LLC may serve a subpoena in compliance with Rule 45 of the Federal Rules of Civil Procedure on Optimum Online, to obtain **only** the name and address of the internet subscriber associated with the IP address specifically identified in the Complaint.  The subpoena shall attach a copy of the Complaint and a copy of this Order; and

**IT IS FURTHER ORDERED** that, upon receiving the subpoena, Optimum Online shall take reasonable steps to preserve information responsive to the subpoena until such information is produced to plaintiff or the Court finally resolves any motion related to the subpoena; and

**IT IS FURTHER ORDERED** that, upon receiving a subpoena, Optimum Online shall use reasonable efforts to identify the internet subscriber associated with the referenced IP address, but **shall not** immediately disclose such information to plaintiff.  Instead, within sixty (60) days of receiving a subpoena, Optimum Online shall serve a copy thereof, together with a copy of this Order, upon the subscriber whose information it determines is responsive to the subpoena.  This measure is appropriate to place the subscriber on fair notice of plaintiff's efforts to obtain their identifying information, and their right to contest the subpoenas or to litigate them anonymously.  Service by Optimum Online upon the Doe defendant may be made using any reasonable means, including written notice sent to the defendant's last known address, transmitted either by first-class or overnight mail; and

**IT IS FURTHER ORDERED** that Optimum Online shall file a proof of service on the docket in this case within 10 days of mailing the documents to the subscriber associated with the relevant IP address. Optimum Online shall redact the name and address of the subscriber associated with the relevant IP address from the proof of service filed on the public docket.  The unredacted copy of such proof of service shall be filed ex parte under seal with access only to Optimum Online and the Court; and

**IT IS FURTHER ORDERED** that the Doe defendant who receives a copy of a subpoena and this Order will have a period of sixty (60) days to file any motions with this Court contesting the subpoena (including a motion to quash or modify the subpoena), as well as any request to litigate the subpoena anonymously.  **Optimum Online may not disclose the Doe defendant's identifying information to the plaintiff, or its employees or agents, at any time before the expiration of this 60-day period.**  Additionally, if the Doe defendant or Optimum Online files a motion to quash a subpoena, Optimum Online **may not** turn over any information to plaintiff, or its employees or agents, until the issues set forth in the motion have been addressed and the Court issues an Order instructing Optimum Online to produce the requested information.  In the event the Doe defendant moves to quash or modify a subpoena, or the Doe defendant moves to proceed anonymously, the defendant shall at the same time as their filing also notify Optimum Online so that it is on notice not to release the Doe defendant's contact information to plaintiff, or its employees or agents, until the Court rules on any such motion; and

**IT IS FURTHER ORDERED** that if the 60-day period within which the Doe defendant may contest or otherwise move with respect to a subpoena lapses without such action, Optimum Online will have a period of fourteen (14) days to produce the information responsive to the subpoena to plaintiff or to file its own motion to quash if it so chooses.

**IT IS FURTHER ORDERED** that Optimum Online shall confer with Strike 3 and shall not assess any charge in advance of providing the information requested therein.  If Optimum Online elects to charge for the costs of production, it shall provide a billing summary and cost report to Strike 3; and

**IT IS FURTHER ORDERED** that any information disclosed to plaintiff in response to a subpoena authorized by this Order may be used by plaintiff solely for the purpose of prosecuting the aforementioned case, unless the Court enters an Order authorizing further use of

such information; and

**IT IS FURTHER ORDERED** that plaintiff may not initiate settlement discussions, or attempt to contact defendant prior to service of the Complaint, without leave of the Court. If defendant initiates such discussions, plaintiff is permitted to participate therein and to settle the case; and

**IT IS FURTHER ORDERED** that, until such further Order of the Court, this case shall be litigated in the name of a "John Doe" defendant, regardless of what information is ultimately disclosed pursuant to the subpoena; and

**IT IS FURTHER ORDERED** that plaintiff's time to serve the Doe defendant pursuant to Fed. R. Civ. P. 4(m) is extended to thirty days after plaintiff receives the production from Optimum Online of the Doe defendant's identifying information.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
March 27, 2023

*Cheryl L. Pollak*
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York